IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SERGIO SAUCEDO                                                                                       PLAINTIFF

v.                                               CIVIL NO. 23-5214

UNITEDHEALTHCARE INSURANCE
COMPANY OF THE RIVER VALLEY                                                            DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Sergio Saucedo's Amended Complaint against Defendant UnitedHealthcare Insurance Company of the River Valley requests health care benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.* Plaintiff brings claims for denial of benefits under 29 U.S.C. § 1132(a)(1)(B) and for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). The parties have submitted the Administrative Record (hereinafter Record or AR) along with eight (8) pages of documentation provided by Plaintiff which the undersigned permitted to be added to the Record (ECF Nos. 52, 64) and briefing on the ERISA issues raised herein. (ECF Nos. 65, 66, 67). Defendant's Motion to Dismiss or alternatively, Motion for Summary Judge, and related briefing is also ripe for consideration. (ECF Nos. 40-43). This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 for issuance of a Report and Recommendation.

### I.      Background and Arguments

Plaintiff seeks payment of benefits under a group healthcare plan for healthcare services he received during 2020 from Dr. Scott Bolding, DDS; these benefits were available through Plaintiff's employer, New Century Counter Tops, Inc., (NCCT) pursuant to a Group Health Contract offered and underwritten by UnitedHealthcare Insurance Company of the River Valley

1

for NCCT, effective December 1, 2018 (hereinafter Plan). AR 422-526. On April 26, 2020, Plaintiff was involved in a catastrophic pedestrian accident including head trauma, and more specifically and relevant here, dental trauma; Plaintiff received care from Dr. Scott Bolding, DDS at Mercy Hospital in Rogers, Arkansas. Dr. Bolding then referred Plaintiff for additional treatment at Dr. Bolding's office. Plaintiff contends that he received this care from Dr. Bolding on four (4) dates: May 4, 2020, May 6, 2020, July 27, 2020, and December 23, 2020. The costs of these treatments allegedly total $81,650.00. Plaintiff argues he received no communications from Defendant during 2020 or 2021 and was not included in any communications between Defendant and Dr. Bolding between May 12, 2020, and October 5, 2022, when the Defendant "closed" Plaintiff's claim. In fact, says Plaintiff, he received no communications from Defendant until one day prior to the deadline for filing the administrative record in this case on April 25, 2024.

In September 2022, Dr. Bolding advised Plaintiff that Defendant had not reimbursed Dr. Bolding, causing Plaintiff to retain counsel. Unable to obtain the Summary Plan Description (SPD) from Defendant, Plaintiff filed suit and on April 19, 2023, United States District Judge Timothy L. Brooks ordered Defendant to provide the SPD to Plaintiff. *See Sergio Saucedo v UnitedHealthcare Insurance Company of the River Valley,* Case No. 5:23-CV-5008, 2023 WL 3034115 (April 19, 2023). After additional alleged difficulties communicating with Defendant, Plaintiff's counsel transmitted Plaintiff's medical bills to Defendant (via Defendant's counsel via email) on May 3 and 8, 2023, and provided them to Defendant via certified mail on May 22, 2023. Plaintiff's appeal form was subsequently transmitted to Defendant's counsel via email on May 18, 2023, and provided to Defendant via certified mail on May 30, 2023.

Plaintiff's appeal consisted of his counsel's May 8, 2023, letter to this effect which read: "Please be advised that I represent Sergio Saucedo. On behalf of Mr. Saucedo, he hereby appeals

any decision for refusing to pay the bills he incurred in his treatment with Dr. Scott Bolding. If anything else is needed from my office in order to perfect this appeal, please advise." AR 528.

Thereafter, on June 16, 2023, Defendant advised Plaintiff of the following with respect to Dr. Bolding's May 4, 2020, invoice: "We reviewed your request about the above claim for Sergio Saucedo for $1,537.00. Based on our review, we determined that we processed this claim accurately." AR 404. The notice further states "[n]o payment is due from us because the time frame you have to file an appeal or reconsideration has passed and/or there was no proof of timely filing." AR 404. In other words, Defendant denied Plaintiff's 2023 appeal as untimely.

Plaintiff alleges Defendant altogether failed to respond with respect to the invoices/claims for treatment on May 6, July 27, and December 23. On July 31, 2023, Plaintiff's counsel submitted a request for reconsideration to Defendant via certified mail which was received on August 8, 2023. When Defendant failed to respond, Plaintiff initiated this litigation on October 23, 2023, arguing that, "due to the numerous procedural irregularities" which counsel notes in 29 paragraphs, a *de novo* standard of review should apply pursuant to *Orr v. Reliance Standard Life Insurance Company*, 2022 WL 17836687 (W.D. Ark. Dec. 1, 2022). For relief, Plaintiff seeks recovery of benefits wrongfully denied, and an equitable surcharge under 29 U.S.C. § 1132(a)(3) in the amount of $81,650.00, attorneys' fees and prejudgment interest.

Defendant responds that it allowed, not denied, most of the Plaintiff's May 4 and May 6, 2020, claims at issue. Defendant points out that because Dr. Bolding is a non-participating, out-of-network provider, and Plaintiff's treatment was non-emergent, Plaintiff's benefits were limited according to the Plan, and his patient responsibility amounts were higher than they would have been had Plaintiff been treated by a participating, in-network provider. Regardless, says Defendant, the claims it received were processed in accordance with the terms of the Plan, and

3

Plaintiff has failed to articulate how his claims were processed inconsistent with the Plan provisions or why he is entitled under the Plan to more benefits than he received.

With respect to the four dates of service by Dr. Bolding described by Plaintiff, Defendant challenges that only two dates of service were received by Defendant – May 4 and May 6, 2020; Defendant maintains that, as reflected by the Record, it never received claims for services provided by Dr. Bolding to Plaintiff on July 27 or December 23, 2020, within twenty-four (24) months of the date of service as required by the Plan. AR 452; *see also* Affidavit of Jane Stalinski, authorized representative of UnitedHealthcare Insurance Company. (ECF No. 41-1). Further, with respect to the May 4, 2020, claim/charges in the total amount of $1,537.00 and May 6, 2020, claim/charges in the total amount of $72,770.00, Defendant says the Record supports that portions of the claims were allowed but others denied because more information was needed from Dr. Bolding or because the number of units submitted exceeded the maximum allowed without additional supporting medical evidence. According to Defendant, the processing of these claims is reflected in the series of Explanation of Benefits (EOBs) notices provided to Plaintiff. AR 164-196. Additionally, most claim lines include reason code "ND" which indicates that, under the Plan, "out-of-network service was paid based on Medicare allowed amounts or other sources if no Medicare amount is available. These amounts are used even if the patient does not have Medicare." Defendant says each EOB provided to Plaintiff advised him of the appeal process. AR 168-69, 175-76, 180-91, 187-88, 193-94.

Although couched as an argument regarding the applicable standard of review, Plaintiff devotes his brief to the identification of Defendant's procedures which Plaintiff describes as "consistently irregular." Plaintiff provides a laundry list of the alleged irregularities – some

4

factual, some regulatory/legal and some relating to the conduct of Defendant's counsel – which the undersigned summarizes:

- Failing to advise Plaintiff of denial of benefits before the end of Plaintiff's treatment after Plaintiff was referred for follow-up treatment with Dr. Bolding at Mercy Hospital;

- Making no response to Dr. Bolding's office regarding the submissions made by Dr. Bolding on behalf of Plaintiff;

- Claiming to have sent responses to Dr. Bolding's submissions to Plaintiff rather than Dr. Bolding;

- Claiming to have sent notices to Plaintiff but not sending anything to Plaintiff;

- Refusing to supply Plaintiff with the SPD despite numerous requests by Plaintiff's counsel;

- Sending a letter back-dated to September 7, 2020, to Plaintiff's counsel, alleging it had been mailed to Plaintiff despite Plaintiff's contention that he had no contact with Defendant until 2022;

- Failing to provide Plaintiff at least 60 days after an adverse benefit determination to appeal the determination;

- Failing to provide Plaintiff the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits;

- Providing no peer-review by any medical professional of the Plaintiff's medical treatment;

- Violating its regulatory duty by failing to provide safeguards designed to ensure and verify that benefit claim determinations are made in accordance with Plan documents;

- Violating its regulatory duty by failing to provide a review that does not afford deference to the initial adverse benefit determination and is conducted by an appropriate named fiduciary of the Plan;

- Failing to provide, in deciding an appeal of any adverse benefit determination that is based in whole or part on a medical judgment, a consultation with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment;

- Failing to provide for the identification of medical or vocational experts whose advice was obtained on behalf of the Plan in connection with the adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination;

- Technically complying with a court order by providing a copy of the SPD to the Court but failing to send the SPD to the Plaintiff as required;

- Violating its duty to Plaintiff by unduly inhibiting or hampering the initiation or processing of Plaintiff's claims for benefits and specifically by requiring use of an "appeal form" in the SPD but not actually providing the appeal form in the SPD or instructions on how to obtain an appeal form;

- Failing to designate in the SPD any destination to send an appeal form to in violation of its duty to Plaintiff;

- Providing counsel for Defendant a fax number which was inoperative;

- Informing Defendant's counsel that there was no appeal form and then contradicting itself by providing an appeal form after Plaintiff relied on the representation that there was no appeal form;

6

- Providing an appeal form that was an authorized representative form;

- Violating its own rule and regulatory duty by not providing any response to 3 of the 4 dates of service within 60 days of receipt of Plaintiff's claim or within 180 days of Plaintiff's appeal;

- Providing no response to Plaintiff's Petition for Reconsideration;

- Allegedly sending a denial to Dr. Bolding's office in response to Plaintiff's submissions of the bills to Defendant;

- Refusing to provide the record of any document generated in the denial of Plaintiff's claim in violation of its duty to Plaintiff;

- Violating its regulatory duty to Plaintiff by refusing to provide a substantive basis for the denial of benefits on the claim made including the reason for the adverse determination, reference to the plan provision upon which the determination is based, description of any additional material or information necessary to perfect the claim and explanation of why material is necessary and description of Plan's review procedures and time limits;

- Failing to provide a review that considers all comments, documents, records, and other information submitted by the claimant relating to the claim without regard to whether such information was submitted or considered in the initial benefit determination;

- Violating its regulatory duty to Plaintiff by depriving Plaintiff of any reasonable opportunity to appeal its denial of benefits – i.e., "the Defendant denied benefits to Plaintiff, with no notice to Plaintiff, and then continued to deny said benefits as allegedly an untimely appeal;"

7

- Violating its regulatory duty to Plaintiff by refusing to prove a substantive basis for the denial of benefits on Plaintiff's appeal; and

- Technically complying with a Court order by exchanging the proposed Administrative Record the night before the agreed record was due to be filed with the Court.

Citing *Orr,* 2022 WL 17836687, Plaintiff contends "[a]ll of these instances of misconduct by the Defendant show a pattern of procedural irregularities that rise to the level of a 'serious breach of the plan trustee's fiduciary duty to the plan beneficiary' justifying a *de novo* or no deference, review of any decision of the Defendant in this matter."

Plaintiff's Reply brief is the last pleading to have been filed herein and it is the first pleading to include Affidavits from Plaintiff Sergio Saucedo and his wife, Juana Saucedo. (ECF Nos. 67-1, 67-2). In these Affidavits, both attest that they never received any mailed communications from Defendant and only viewed prior communications from Defendant in 2020-2021 when the Administrative Record was submitted in 2024. (ECF Nos. 67-1, ¶¶ 2-3, 67-2, ¶¶ 5-6). Plaintiff Sergio Saucedo attests that his "first notice that my insurer might be denying my claim was from an employee at Dr. Bolding's office the first week of October 2022" and he "immediately went to [his] attorney, Ken Swindle, and asked him to help me get my bills paid by Defendant." (ECF No. 67-1, ¶ 5). Juana Saucedo describes that they have lived at their residence at 1507 South 5th Street in Rogers, Arkansas for more than 21 years; that she regularly gets all the mail delivered to the house; that she gives any mail addressed to her husband Sergio for him to open; and that "[w]e never received any mail from UnitedHealthcare Insurance Company of the River Valley." (ECF No. 67-2, ¶¶ 2-4). Juana's testimony mirrors that of Sergio – the first time they saw letters dated June 16, September 17, October 6, and November 11, 2020, as well as letters dated July 2, July 23, and October 10, 2021, was on May 1, 2024. (ECF No. 67-2, ¶ 6). While the

8

Record reflects multiple correspondence addressed to Plaintiff Sergio Saucedo at the 1507 South 5th Street, Rogers, Arkansas address, Defendant has not filed anything to refute the Saucedo' Affidavits.

## II.     Exhaustion

ERISA authorizes a plan participant to bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Before bringing such an action, however, a participant generally "must exhaust the administrative remedies required under [his] particular ERISA plan." *Angevine v. Anheuser-Busch Cos. Pension Plan,* 646 F.3d 1034, 1037 (8th Cir. 2011); *see Chorosevic v. MetLife Choices*, 600 F.3d 934, 941 (8th Cir. 2010) ("Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred.").

The requirement that a plan participant exhaust his administrative remedies before bringing a denial-of-benefits claim under ERISA "finds its genesis" in 29 U.S.C. § 1133. *Brown v. J.B. Hunt Transp. Servs. Inc.,* 586 F.3d 1079, 1084 (8th Cir. 2009). The statute does not include an express exhaustion requirement, but federal courts "have universally construed § 1133 to require exhaustion." *Brown,* 586 F.3d at 1084; *see Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 102 (2013) ("Courts have generally required participants to exhaust [an ERISA] plan's administrative remedies before filing suit to recover benefits."). Courts have underscored on several occasions the "many important purposes" this "judicially created exhaustion requirement serves," including "giving claims administrators an opportunity to correct errors," "promoting consistent treatment of claims," and "decreasing the cost and time of claims resolution." *Angevine,* 646 F.3d at 1037 (quoting *Galman v. Prudential Ins. Co. of Am.,* 254 F.3d 768, 770 (8th Cir. 2001)). Accordingly, "[w]e excuse the exhaustion requirement only when pursuing an

9

administrative remedy would be futile or there is no administrative remedy to pursue." *Id.; see Brown,* 586 F.3d at 1085. "Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred." *Chorosevic v MetLife Choices*, 600 F.3d 934, 941 (8th Cir. 2010).

### a. May 4, 2020 and May 6, 2020

Section 1133 requires every benefit plan governed by ERISA to "(1) provide adequate notice in writing to any participant…whose claim for benefits under the plan has been denied …, [and] (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 28 U.S.C. § 1133(1), (2). One of the purposes of § 1133 is to provide claimants with sufficient information to prepare adequately for any further administrative review or for an appeal to the federal courts. *DuMond v. Centex Corp.,* 172 F.3d 618, 622 (8th Cir. 1999).

With respect to the May 4, 2020 ($1,537.00), and May 6, 2020 ($73,068), claims of Dr. Bolding, the undersigned is not satisfied Plaintiff was afforded the ability to exhaust his administrative remedies under § 1133. Admittedly, the Record reflects at least four (4) mailings of EOBs during 2020 and 2021 to Plaintiff at his correct address, and there is a general rebuttable presumption that a properly mailed document is received. *See In re Hairopoulos,* 118 F.3d 1240, 1244 (8th Cir. 1997). Nevertheless, there is unrefuted evidence from Plaintiff and his wife which rebuts the presumption of receipt by Plaintiff of Defendant's EOBs with respect to Dr. Bolding's claims of May 4, 2020, and May 6, 2020. Without adequate notification from Defendant, it is reasonable to conclude that Plaintiff was not afforded a reasonable opportunity to request a timely review of Defendant's denials, and by the time Plaintiff learned from Dr. Bolding's employee in

October 2022 that the claims had been denied, Plaintiff retained counsel and counsel filed an appeal, the appeal was rejected as untimely under the Plan.

The appropriate remedy is not an award of benefits (nor equitable surcharge) from this Court. Rather, the undersigned will recommend that the claims for May 4, 2020, and May 6, 2020 – which were submitted timely to Defendant – be remanded to Defendant UnitedHealthcare for an out-of-time appeal.[1] *See Brown,* 586 F.3d at 1087; *see also Lafleur v. Louisiana Health Service and Indem. Co.,* 563 F.3d 148, 157 (5th Cir. 2009) (concluding a remand to the plan administrator is "usually the appropriate remedy"); *Krauss v. Oxford Health Plans, Inc.,* 517 F.3d 614, 630 (2d Cir. 2008) (similar); *Perrino v. S. Bell Tel. & Tel. Co.,* 209 F.3d 1309, 1317–18 (11th Cir. 2000) (similar); *Syed v. Hercules Inc.*, 214 F.3d 155, 162 (3d Cir. 2000) (Alito, J.) (holding "the remedy for a violation of [§ 1133] is to remand to the plan administrator so the claimant gets the benefit of a full and fair review"); *accord Love v. Dell, Inc.,* 551 F.3d 333, 338 & n.6 (5th Cir. 2008) (observing "failures to provide 'full and fair review' ... do not usually lead to a claim for damages"). Moreover, Defendant shall provide Plaintiff any SPD required appeal forms which must be utilized to perfect Plaintiff's out-of-time appeal.

If the district court agrees and remands for an appeal, it shall retain jurisdiction over these claims until such time as the district court determines these claims are fully resolved.

### b. July 27, 2020 & December 23, 2020

The undersigned finds the evidence regarding Dr. Bolding's claims for services on July 27, 2020 ($1,445.00), and December 23, 2020 ($5,600.00) undisputed – these claims for services have

---

[1] The undersigned notes that the Plan requires Plaintiff to do much more than simply file a notice of appeal to exhaust administrative remedies; a letter such as the one Plaintiff's counsel sent to Defendant is insufficient to mount the detailed challenge Plaintiff must make to state the reasons why Plaintiff disagrees with the decision, provide information to support the position such as treatment notes and medical records and to submit other documentation which supports Plaintiff's claims.

not been exhausted. The unrefuted Affidavit of Jane Stalinski establishes that Defendant never received either of these claims for dental work from Dr. Bolding. (ECF No. 41-1, ¶ 7). There is no mention of these claims in the Administrative Record until Plaintiff's counsel raised them in 2023. It was already too late to submit these claims for consideration when Plaintiff's counsel supplied them to both Defendant and Defendant's counsel in May 2023 as the Plan requires submission within twenty-four (24) months from the date the service was performed. AR 452, Article 11.3. Plaintiff has supplied no evidence to contradict either the Record or Defendant's assertion that neither Dr. Bolding nor Plaintiff timely submitted these claims. Plaintiff has made no cognizable argument that unsubmitted, unreviewed, and untimely claims should now be part of Plaintiff's out-of-time appeal. The undersigned recommends that Defendant be granted summary judgment on these claims for services by Dr. Scott Bolding for July 27, 2020, and December 23, 2020, and that theses claims be dismissed with prejudice.

### III.    Conclusion

For the reasons stated herein, the undersigned recommends that Defendant's Motion to Dismiss, or alternatively, Motion for Summary Judgment (ECF No. 40) be **DENIED in PART** and **GRANTED in PART** as follows:

- The Motion should be **GRANTED** with respect to the ERISA claims relating to services provided to Plaintiff by Dr. Scott Bolding, DDS on July 27, 2020, and December 23, 2020, as these claims have not been administratively exhausted, and these claims should be **DISMISSED** with **PREJUDICE**.

- The Motion should be **DENIED** with respect to the ERISA claims relating to services provided to Plaintiff by Dr. Scott Bolding, DDS on May 4, 2020, and May 6, 2020, as Plaintiff has established the right to an out-of-time appeal for these claims. These

claims should be **REMANDED** to Defendant for an appeal process of these claims. IF remanded, the district court shall retain jurisdiction over these claims until such time as it determines these claims are fully resolved.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

**RECOMMENDED** this 27th day of January 2025.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE